UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WHIRLPOOL PROPERTIES, INC., WHIRLPOOL CORPORATION, and MAYTAG PROPERTIES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>VANKIN COMPANY LIMITED,<br><br>Defendant. | § § § § § § § § § § § § | C.A. No. 2:23-cv-<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COME NOW Plaintiffs, Whirlpool Properties, Inc., Whirlpool Corporation and Maytag Properties, LLC (collectively referred to as "Whirlpool") for their Complaint against Vankin Company Limited, and state as follows:

## PARTIES

1.      Plaintiff Whirlpool Properties, Inc. is a Michigan corporation having its principal place of business at 500 Renaissance Drive, Suite 101, Saint Joseph, Michigan. Whirlpool Properties, Inc. owns numerous trademarks, including U.S. Trademark Registration Nos. 5,921,312; 4,983,312; 1,251,511; 1,670,524; 937,550 and 626,550 ("the Whirlpool Registrations"), and U.S. Trademark Registration Nos. 6,965,661; 2,520,284; 2,520,285 and 1,585,507 ("the KitchenAid Registrations").

2.      Plaintiff Whirlpool Corporation is a corporation organized and existing under the laws of the state of Delaware with a principal place of business at 2000 North M-63, Benton Harbor, Michigan. Whirlpool Corporation owns United States Patent Nos. 7,000,894 ("the '894

patent"); 8,356,716 ("the '716 patent"); 8,591,736 ("the '736 patent"); 8,845,896 ("the '896 patent"); 9,937,451 ("the '451 patent"); and the 10,010,820 ("the '820 patent").

3.        Plaintiff Maytag Properties, LLC is a limited liability company organized and existing under the laws of the state of Michigan with a principal place of business at 500 Renaissance Drive, Suite 101, Saint Joseph, Michigan. Maytag Properties, LLC owns numerous trademarks, including U.S. Trademark Registration Nos. 5,370,223 and 2,638,631 ("the Maytag Registrations"), U.S. Trademark Registration No. 1,547,093 and 3,710,972 ("the Jenn-Air Registrations"), and U.S. Trademark Registration No. 3,059,004 and 3,697,563 ("the Amana Registrations").

4.        Plaintiffs Whirlpool Properties, Inc. and Maytag Properties, LLC, own, manage, enforce, license, and maintain intellectual property, including trademarks. Plaintiffs Whirlpool Properties, Inc. and Maytag Properties, LLC license certain trademark rights to Plaintiff Whirlpool Corporation, including the federal trademark registrations at issue in this suit.

5.        Defendant Vankin Company Limited is a limited liability company organized in the United Kingdom.  Vankin maintains a registered address at 4/4A Bloomsbury Square, London, greater London, England WC1A 2RP.

## JURISDICTION & VENUE

6.        Count I arises under the laws of the United States prohibiting infringement of federally registered trademarks, specifically, the Lanham Act, 15 U.S.C. § 1114.  Count II for false designation of origin arises under the Lanham Act, 15 U.S.C. § 1125(a). Count III for dilution of federally registered trademarks arises under the Lanham Act, 15 U.S.C. § 1125(c).  The jurisdiction of this Court is proper under 15 U.S.C. § 1121 *et seq.* and 28 U.S.C. § 1331, § 1332, and § 1338.

7.        Count IV, for Texas common law trademark infringement and unfair

competition is so related to Counts I-III that they form part of the same case or controversy, and thus the jurisdiction of this Court is proper under 28 U.S.C. § 1367.

8.        Counts V-X arise under the patent laws of the United States, Title 35 United States Code.  The jurisdiction of this Court is proper under 35 U.S.C. § 271 *et seq.* and 28 U.S.C. § 1331, § 1332, and § 1338.

9.        Defendant is a distributor and seller of water filters for refrigerators.

10.        Defendant has offered for sale and sold throughout the United States non-genuine Whirlpool replacement water filters that infringe one or more claims of the '894 patent, such as the Bluaqua water filter 1 and Bluaqua Filter 3, which Defendant markets as compatible with the Whirlpool EveryDrop Filter 1 and Whirlpool EveryDrop Filter 3.

11.        Defendant has offered for sale and sold non-genuine Whirlpool replacement refrigerator water filters that infringe one or more claims of the '894 patent to residents and citizens of Texas who reside within this district.

12.        Defendant has offered for sale and sold throughout the United States non-genuine Whirlpool replacement water filters that infringe one or more claims of the '716 patent; the '736 patent; the '896 patent; the '451 patent; and the '820 patent, such as the Bluaqua water filter 2, which Defendant markets as compatible with the Whirlpool EveryDrop Filter 2.

13.        Defendant has offered for sale and sold non-genuine Whirlpool refrigerator water filters that infringe one or more claims of the '716 patent; the '736 patent; the '896 patent; the '451 patent; and the '820 patent to residents and citizens of Texas who reside within this district.

14.        Defendant has infringed, and continues to infringe, Whirlpool's federally registered "Whirlpool" and "KitchenAid" trademarks, as well as Whirlpool's rights under the common law, for use on water filters, specifically in Defendant's unauthorized use of Whirlpool's

marks in the advertising and promotion of water filters, leading to the sale and distribution of water filters to residents and citizens of Texas who reside within this district.

15.     Defendant has infringed, and continues to infringe, Maytag's federally registered "Maytag," "Jenn-Air," and "Amana" trademarks, as well as Maytag's rights under the common law, for use on water filters, specifically in Defendant's unauthorized use of Maytag's marks in the advertising and promotion of water filters, leading to the sale and distribution of water filters to residents and citizens of Texas who reside within this district.

16.     Defendant's non-genuine Whirlpool refrigerator water filters that infringe one or more claims of the '894 patent; the '716 patent; the '736 patent; the '896 patent; the '451 patent; and/or the '820 patent; and/or Whirlpool's federally registered "Whirlpool," "Maytag," "Jenn-Air," "Amana," and/or "KitchenAid" trademarks; and/or Whirlpool's rights under the common law, are hereafter referred to as the "accused products," "infringing filters," or "Non-Genuine Filters."

17.     The Court has personal jurisdiction over Defendant because it has actively engaged in the advertising for sale, offers for sale, and sales of the accused products in Texas, including the Eastern District of Texas.

18.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(c)(3) because as a defendant not resident in the United States, Defendant may be sued in any judicial district.

## FACTS AND ALLEGATIONS COMMON TO COUNTS I–X

19.     Whirlpool repeats and realleges as if fully set forth herein the facts and allegations of all of the preceding paragraphs.

20.     Whirlpool Corporation is a leading global manufacturer and highly regarded appliance company, making and selling many home appliances and accessories including, most notably for the instant matter, refrigerators and related accessories such as refrigerator water filters

under the Whirlpool® brand, as well as under the KitchenAid®, Maytag®, Amana®, and Jenn-Air® brands (collectively "the Marks").

21.     As a result of extensive advertising and wide distribution of its products by Whirlpool Corporation and by third party retailers and distributors for home appliances, parts and accessories, each of the Marks is favorably recognized and relied upon by the relevant trade and consuming public as indicating high quality goods originating exclusively from a single source. The Marks are immediately known to consumers nationwide and convey a substantial amount of goodwill.

**The Whirlpool® Brand.**

22.     The Whirlpool® brand enjoys a long history of use and a reputation as an indicator of high-quality goods. The Whirlpool® mark has been used since at least the early 1900s, and in connection with refrigerators since at least as early as 1955.

23.     Under the Whirlpool® brand, Whirlpool makes and sells (and/or licenses others to make and sell) refrigerators and related accessories bearing the Whirlpool® marks, which are protected under common law, and have also been protected with at least the following federal trademark registrations ("Whirlpool Registrations"):

| MARK | REGISTRATION NO. | RELEVANT GOODS |
|---|---|---|
| Whirlpool (design mark) | Reg. No. 5,921,312 | Refrigerators, freezers, and refrigerator water filters |
| WHIRLPOOL (word mark) | Reg. No. 4,983,312 | Water filtration and purification units and replacement cartridges and filters therefor for refrigerators |

| | Reg. No. 1,251,511 | Refrigerators |
|---|---|---|
| **Whirlpool** (design mark) | | |
| WHIRLPOOL (word mark) | Reg. No. 1,670,524 | Refrigerators and freezers |
| WHIRLPOOL (word mark) | Reg. No. 937,550 | Refrigerators |
| WHIRLPOOL (word mark) | Reg. No. 626,550 | Refrigerators |

24.     Pursuant to 15 U.S.C. §§ 1065 and 1115(b), the Registration Nos. 4,983,312; 1,251,511; 1,670,524; 937,550 and 626,550 have become "incontestable," and therefore serve as conclusive evidence of Whirlpool Properties Inc.'s ownership of the marks and its exclusive right to use (or license) the marks in connection with the goods listed in the registrations.

### The KitchenAid® Brand.

25.     The KitchenAid® brand also enjoys an extraordinary reputation and substantial goodwill among consumers. It has been used in connection with various kitchen appliances, including refrigerators, since at least as early as 1969, as shown below in stylized form:

# KitchenAid

26.      Under the KitchenAid® brand, Whirlpool makes and sells (and/or licenses others to make and sell) refrigerators and related accessories bearing the KitchenAid® marks, which are protected under common law, and have been protected with at least the following federal trademark registrations ("KitchenAid Registrations"):

| MARK | REGISTRATION NO. | RELEVANT GOODS |
|---|---|---|
| KITCHENAID (word mark) | Reg. No. 6,965,661 | Water filtration and purification units and replacement cartridges and filters therefor |
| KITCHENAID (word mark) | Reg. No. 2,520,284 | Refrigerators; water supply units for dispensing cold water and ice from refrigerators |
| **KitchenAid**<br>(design mark) | Reg. No. 2,520,285 | Refrigerators; water supply units for dispensing cold water and ice from refrigerators |
| KITCHENAID (word mark) | Reg. No. 1,585,507 | Refrigerators |

27.      Pursuant to 15 U.S.C. §§ 1065 and 1115(b), the Registration Nos. 2,520,284; 2,520,285 and 1,585,507 have become "incontestable," and therefore serve as conclusive evidence of Whirlpool Properties Inc.'s ownership of the marks and its exclusive right to use (or license) the marks in connection with the goods listed in the registrations.

**The Maytag® Brand.**

28.      Likewise, the Maytag® brand is widely recognized and enjoys substantial goodwill. The Maytag® brand has been used in connection with various household appliances since 1907.

29.      Under the Maytag® brand, Whirlpool makes and sells (and/or licenses others to make and sell) refrigerators and related accessories bearing the Maytag® mark, which are protected under common law, and have been protected with at least the following federal trademark registrations ("Maytag Registrations"):

| MARK | REGISTRATION NO. | RELEVANT GOODS AND SERVICES |
|---|---|---|
| MAYTAG (word mark) | Reg. No. 5,370,223 | Refrigerators |
| MAYTAG (word mark) | Reg. No. 2,638,631 | Appliance installation, maintenance, and repair services |

30.      Pursuant to 15 U.S.C. §§ 1065 and 1115(b), the Registration No. 2,638,631 has become "incontestable," and therefore serve as conclusive evidence of Maytag Properties LLC's ownership of the marks and its exclusive right to use (or license) the marks in connection with the goods and services listed in the registrations.

**The Amana® Brand**.

31.      Similarly, the Amana® brand enjoys a long history of use and a reputation as an indicator of high-quality goods.

32.      Under the Amana® brand, Whirlpool makes and sells refrigerators and accessories bearing the Amana® Mark, which have been protected with at least the following

federal trademark registrations ("Amana Registrations"):

| MARK | REGISTRATION NO. | RELEVANT GOODS |
|---|---|---|
| AMANA (word mark) | Reg. No. 3,059,004 | Refrigerators, freezers and combination refrigerator/freezers |
| AMANA  (word mark) | Reg. No. 3,697,563 | Installation, maintenance and repair of refrigerators, freezers and combination refrigerator/freezers |

33.    Pursuant to 15 U.S.C. §§ 1065 and 1115(b), the Registration Nos. 3,059,004 and 3,697,563 have become "incontestable," and therefore serve as conclusive evidence of Maytag Properties LLC's ownership of the marks and its exclusive right to use (or license) the marks in connection with the goods and services listed in the registrations.

**The Jenn-Air® Brand.**

34.    The Jenn-Air® brand is also widely recognized and enjoys substantial goodwill.

35.    Under the Jenn-Air® brand, Whirlpool makes and sells refrigerators and accessories bearing the Jenn-Air® Mark, which have been protected with at least the following federal trademark registrations ("Jenn-Air Registration"):

| MARK | REGISTRATION NO. | RELEVANT GOODS |
|---|---|---|
| JENN-AIR  (word mark) | Reg. No. 1,547,093 | Refrigerators and freezers |
| JENN-AIR (word mark) | Reg. No. 3,710,972 | Installation, maintenance and repair of freezers and refrigerators |

36.    Pursuant to 15 U.S.C. §§ 1065 and 1115(b), the Registration Nos. 1,547,093 and 3,710,972 have become "incontestable," and therefore serve as conclusive evidence of Maytag

Properties LLC's ownership of the marks and its exclusive right to use (or license) the marks in connection with the goods and services listed in the registrations.

**Defendant's Unlawful Activities**.

37.     Defendant is using the Marks to advertise and promote water filters without Whirlpool's consent. Defendant's unauthorized use of the Marks is likely to cause confusion, deception, and mistake among consumers and the trade as to the source, approval, or sponsorship of refrigerator water filters offered for sale and sold by Defendant. Defendant is also infringing Whirlpool's patents through the manufacture, importation, use, offer for sale, and/or sale of the accused products.

**A.    Defendant's Trademark Infringing and Unfair Competition Activities.**

38.     Defendant offers to sell and sells the accused products through at least the websites www.filterswell.com and www.bluaquafilters.com ("Defendant's websites" or "the websites"). Defendant is using the Marks on the websites to misleadingly describe the accused products in a manner that is likely to cause confusion amongst consumers as to the source, affiliation, and/or sponsorship of the accused products.

39.     For example, the following banner advertisement is featured prominently on the homepage of www.filterswell.com:



40.    The filters shown in this advertisement, however, are not Whirlpool® filters.

41.    Similarly, the following water filter listing has appeared on www.filterswell.com:



42.    The title of the foregoing listing leads with, and prominently refers to the Whirlpool® brand, despite the fact that the filters offered for sale are not genuine Whirlpool® products.

43.    Defendant    engages    in    substantially    similar    activities    on    the

www.bluaquafilters.com website, as well as www.bonanza.com, where it offers for sale and sells the accused products under the name "funcoolbox."

44.    Without authorization from Whirlpool, Defendant is using the Marks in U.S. commerce in connection with the advertising, promotion, sale, and distribution of such water filters to consumers nationwide, including consumers in the Eastern District of Texas.

45.    Defendant's acts have caused, and will continue to cause, damage to Whirlpool and jeopardize the entire goodwill symbolized by the Marks, including Whirlpool's rights acquired under common law, causing immediate, serious, and irreparable injury to Whirlpool for which Whirlpool does not have an adequate remedy at law.

46.    On information and belief, the water filters that are advertised, promoted, sold, and distributed by Defendant are intended to be, and are in fact, targeted towards a substantial segment of the public that has long been familiar with Whirlpool's appliances and accessories, including replacement refrigerator water filters, offered under the Marks.

47.    Indeed, the water filters sold and distributed by Defendant directly compete with the water filters sold by Whirlpool under the Marks, as illustrated by the use of the Marks in the product listings and descriptions as set forth above.

48.    On information and belief, the Bluaqua water filters sold by Defendant are inferior to Whirlpool's water filters in terms of their quality.

49.    Defendant has engaged in the foregoing conduct to trade off of and usurp for itself the value of the Marks and the goodwill long associated with them, in order to sell the accused products to unsuspecting consumers.

50.    Because Whirlpool has no control over the nature of Defendant's goods, the reputation and goodwill associated with the Marks, including those rights acquired under common law, are jeopardized and damaged by Defendant's conduct and will continue to be jeopardized and

damaged for so long as Defendant continues to improperly use the Marks.

51.     To the extent that the quality of the water filters being passed off by Defendant as having originated from Whirlpool are inferior to the quality standards set by Whirlpool, consumers will be damaged in the event such lower quality filters result in poor performance, product breakdowns, and/or property damage.

52.     Defendant's unauthorized use of the Marks is likely to cause instances of actual confusion, to cause mistake, and/or to deceive consumers into believing that the water filters sold by Defendant originated from Whirlpool, or are in some way sponsored by, endorsed by, connected to, or affiliated with Whirlpool or Whirlpool's Whirlpool®, KitchenAid®, Maytag®, Amana®, and Jenn-Air® branded goods.

53.     Defendant's unauthorized and willful advertising, promotion, sales, and/or distribution of water filters bearing the Whirlpool®, KitchenAid®, Maytag®, Amana® and/or Jenn-Air® Marks violates Whirlpool's exclusive right to use those marks for such goods, afforded to Whirlpool by virtue of its federal trademark registrations, as well as Whirlpool's long-established common law rights in those marks based on nationwide sales of goods bearing the marks, including in the Eastern District of Texas.

54.     Defendant's unauthorized and willful deceptive use of the Marks in advertising and promotion of refrigerator water filters that do not originate from Whirlpool violates Whirlpool's exclusive right to use the Marks for water filters afforded to Whirlpool by virtue of its federal trademark registrations, as well as Whirlpool's long-established common law rights in the Marks based on nationwide sales of goods bearing the marks, including in the Eastern District of Texas.

   **B.     Defendant's Patent Infringing Activities.**

55.     Defendant is infringing Whirlpool's patents through the manufacture, use, importation, offer for sale, and/or sale of the accused products. The structure of the accused

products is virtually identical to that of the genuine Whirlpool® filters.

56.    Defendant's acts complained of herein have irreparably harmed and will continue to irreparably harm Whirlpool.

57.    Defendant's conduct as described herein makes this an exceptional case.

## COUNT I
## TRADEMARK INFRINGEMENT
## UNDER THE LANHAM ACT, 15 U.S.C. § 1114

58.    Whirlpool repeats and realleges as if fully set forth herein the facts and allegations of all of the preceding paragraphs.

59.    Defendant's use of the Marks, without Whirlpool's consent, constitutes infringement of the Whirlpool Registrations, the KitchenAid Registrations, the Maytag Registrations, the Amana Registrations, and the Jenn-Air Registrations in violation of 15 U.S.C. § 1114 in that, among other things, Defendant's unauthorized use of the Marks is likely to cause consumer confusion, deception, and mistake among consumers and the trade as to the affiliation, connection, or association of Defendant and/or the products they sell with Whirlpool, and/or as to the origin, sponsorship, or approval by Whirlpool of the goods advertised, promoted, sold, and distributed by Defendant.

60.    Defendant's acts have caused, and will continue to cause, damage to Whirlpool and jeopardize the entire goodwill symbolized by the Marks, causing immediate, serious, and irreparable injury to Whirlpool for which Whirlpool does not have an adequate remedy at law.

## COUNT II
## FALSE DESIGNATION OF ORIGIN AND TRADEMARK INFRINGEMENT
## UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a)

61.    Whirlpool repeats and realleges as if fully set forth herein the facts and allegations of all of the preceding paragraphs.

62.    Defendant's use in commerce of the Marks in connection with refrigerator water

filters is a false designation of origin and an infringement of Whirlpool's nationwide common law rights in the Marks, because such use is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant and/or the products it sells with Whirlpool, and/or as to the origin, sponsorship or approval by Whirlpool of the goods advertised, promoted, sold, and distributed by Defendant.

63.    Defendant has used in commerce in connection with the sale of refrigerator water filters false designations of origin and false and misleading descriptions and representations, including the Marks, which tend to falsely describe the origin, sponsorship, association, or approval by Whirlpool of the water filters sold by Defendant.

64.    Defendant's acts have caused, and will continue to cause, damage to Whirlpool and jeopardize the entire goodwill symbolized by the Marks, causing immediate, serious, and irreparable injury to Whirlpool for which Whirlpool does not have an adequate remedy at law.

### COUNT III
### TRADEMARK DILUTION UNDER THE LANHAM ACT, 15 U.S.C. § 1125(c)

65.    Whirlpool repeats and realleges as if fully set forth herein the facts and allegations of all of the preceding paragraphs.

66.    The Marks are inherently distinctive or have acquired distinctiveness.

67.    Based on Plaintiffs' continuous and extensive use of the Marks, the Marks are entitled to be recognized as famous under 15 U.S.C. § 1125(c).

68.    Defendant began using, in commerce, the Marks after the Marks were famous.

69.    Defendant's unauthorized use of the Marks has and will cause dilution of the distinctive quality of the Marks and the goodwill associated with them, in violation of 15 U.S.C. § 1125(c).

70.    On information and belief, Defendant's actions were willful, in that Defendant

willfully intended to trade on the reputation and goodwill associated with the Marks or to dilute the Marks.

71.     As a direct and proximate cause of Defendant's infringement and the dilution of the Marks, Whirlpool has suffered, and will continue to suffer, irreparable injury to its business, reputation, and goodwill.

### COUNT IV
### COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

72.     Whirlpool repeats and realleges as if fully set forth herein the facts and allegations of all of the preceding paragraphs.

73.     Whirlpool has used, and continues to use, the Marks for refrigerators and refrigerator water filters in commerce within the state of Texas, and has developed substantial consumer recognition for the Marks within the state. This consistent and continuous use of the Marks in commerce resulting in consumer recognition renders the Marks valid and protectable marks entitled to common law rights in the state of Texas.

74.     Defendant's use of the Marks, without Whirlpool's consent, constitutes infringement of Whirlpool's common law trademark rights because, among other things, Defendant's unauthorized use of the Marks in the same geographic area as Whirlpool's use is likely to cause confusion, deception, and mistake among consumers and the trade as to the source, approval, or sponsorship of Defendant's refrigerator water filters.

75.     Defendant's acts have caused, and will continue to cause, damage to Whirlpool and jeopardize the entire goodwill symbolized by the Marks, causing immediate, serious, and irreparable injury to Whirlpool for which Whirlpool does not have an adequate remedy at law.

76.     Further, Defendant's acts constitute unfair competition in violation of the common law.

77.    Defendant's acts of unfair competition are intentional and willful.

78.    Defendant's acts of unfair competition have caused, and will continue to cause, damage to Whirlpool and jeopardize the entire goodwill symbolized by the Marks, causing immediate, serious, and irreparable injury to Whirlpool for which Whirlpool does not have an adequate remedy at law.

## COUNT V
## INFRINGEMENT OF U.S. PATENT NO. 7,000,894

79.    Whirlpool repeats and realleges as if fully set forth herein the facts and allegations of all of the preceding paragraphs.

80.    On February 21, 2006, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 7,000,894 ("the '894 patent") entitled "Fluidic Cartridges and End Pieces Thereof." On March 3, 2014, the USPTO issued an ex parte reexamination certificate for the '894 patent. Appended as Exhibit A is a true and correct copy of the '894 patent, inclusive of the ex parte reexamination certificate.

81.    Whirlpool is the owner by assignment of the entire right, title and interest in and to the '894 patent, including the right to sue and recover past, present, and future damages for infringement.

82.    Whirlpool manufactures products that practice the '894 patent, including Whirlpool "Filter 1" and "Filter 3" refrigerator water filters, and marks such products with the '894 patent.

83.    The validity and enforceability of the '894 patent has been recognized and acknowledged in Consent Judgments in the patent infringement cases captioned *Whirlpool Corporation v. Brauchla TV, Inc. d/b/a Brauchla TV & Appliance*, Civil Action No. 2:15-cv-2068 (E.D. Tex. Jan. 27, 2016) (Document 5); *Whirlpool Corporation v. National Trade Supply, LLC*, Civil Action No. 2:15-cv-1701-JRG (E.D. Tex. Jan. 22, 2016) (Document 5); *Whirlpool Corporation v. Zipras, Inc.*, Civil Action No. 2:15-cv-1636-JRG (E.D. Tex. Jan. 8, 2016)

(Document 7); *Whirlpool Corporation v. Air 1 Supply, Inc.*, Civil Action No. 2:15-cv-1640-JRG (E.D. Tex. Oct. 30, 2015) (Document 6), *Whirlpool Corporation v. Global Parts Supply, LLC d/b/a Pandora's OEM Appliance Parts*, Civil Action No. 2:15-cv-1563-JRG (E.D. Tex. Oct. 30, 2015) (Document 7); *Whirlpool Corporation v. JJ Wholesale Group Inc. d/b/a Bob's Filters and Joseph Spira*, Civil Action No. 2:15-cv-1565-JRG (E.D. Tex. Nov. 12, 2015) (Document 11); *Whirlpool Corporation v. Spectacular Products and William Long*, Civil Action No. 2:15-cv-86 consolidated with 2:15-cv-2103 (E.D. Tex. Apr. 6, 2016) (Document 20); *Whirlpool Corporation v. Dilmen, LLC d/b/a Coral Premium Water Filters and Huseyin Dilmen*, Civil Action No. 2:15-cv-1722 consolidated with 2:15-cv- 2103 (E.D. Tex. Apr. 6, 2016) (Document 17); *Whirlpool Corporation v. Radiant Marketing, LLC d/b/a Clear Sip Water Filters*, Civil Action No. 2:15-cv-2101 consolidated with 2:15-cv-02103-JRG (E.D. Tex. Apr. 14, 2016) (Document 23); *Whirlpool Corporation v. Purenex, Inc.*, Civil Action No. 2:16-cv-028 consolidated with 2:15-cv-02103-JRG (E.D. Tex. Apr. 22, 2016) (Document 32); *Whirlpool Corporation v. iSpring Water Systems, LLC d/b/a 123Filter.com*, Civil Action No. 2:16-cv-107 consolidated with 2:15-cv-02103-JRG (E.D. Tex. May 6, 2016) (Document 41-2); *Whirlpool Corporation v. Craft Appliances, Inc. and Brian Craft*, Civil Action No. 2:16- cv-084 consolidated with 2:15-cv-02103-JRG (E.D. Tex. May 17, 2016) (Document 51); *Whirlpool Corporation v. Compatible Parts, LLC*, Civil Action No. 2:16-cv-445 (E.D. Tex. June 22, 2016) (Document 9); *Whirlpool Corporation v. A&M Distribution, LLC, Aymeric Monello and Megan Grant,* Civil Action No. 2:16-cv-106 (E.D. Tex. July 20, 2016) (Document 8); *Whirlpool Corporation v. DG Enterprises, LLC d/b/a Splash Filters,* Civil Action No. 2:16-cv-109 (E.D. Tex. July 15 2016) (Document 8); *Whirlpool Corporation v. PS Newby, LLC d/b/a Sylvia Water Purification,* Civil Action No. 2:16- cv-137 consolidated with 2:16-cv-565 (E.D. Tex. July 26, 2016) (Document 7); *Whirlpool Corporation v. Arclyte Technologies, Inc.,* Civil Action No. 2:16-cv-138 (E.D. Tex. July 14, 2016) (Document 8); *Whirlpool Corporation v.*

*Pricebreak, Inc.,* Civil Action No. 2:16-cv-416 consolidated with 2:16-cv-565 (E.D. Tex. July 26, 2016) (Document 7); *Whirlpool Corporation v. iSave.com, Inc.,* Civil Action No. 2:16-cv-418 (E.D. Tex. Aug. 4, 2016) (Document 7); *Whirlpool Corporation v. Crystal Rose Trading, Inc. d/b/a UltimatePurification USA,* Civil Action No. 2:16-cv-560 (E.D. Tex. Aug. 8, 2016) (Document 7); *Whirlpool Corporation v. Woodside Distributors, Inc.,* Civil Action No. 2:16-cv-565 (E.D. Tex. July 26, 2016) (Document 7); *Whirlpool Corporation v. Blue Grizzly Supply, Inc.,* Civil Action No. 2:16-cv-585 consolidated with 2:16-cv-565 (E.D. Tex. Aug. 8, 2016) (Document 10); *Whirlpool Corporation v. Odoga Enterprises,* Civil Action No. 2:16-cv-685 consolidated with 2:16-cv-565 (E.D. Tex. July 26, 2016) (Document 7); *Whirlpool Corporation v. Enow Wholesale, Inc.,* Civil Action No. 2:16- cv-737 (E.D. Tex. Apr. 12, 2017) (Document 24); *Whirlpool Corporation v. Brixton Holdings, LLC,* Civil Action No. 2:16-cv-822 (E.D. Tex. Nov. 4, 2016) (Document 9); *Whirlpool Corporation v. AWP Group, Inc. d/b/a Water Filters Fast,* Civil Action No. 2:16-cv-988 (E.D. Tex. Jan. 31, 2017) (Document 16); *Whirlpool Corporation v. Pavel Water Filtration, Inc. and Henry H. Pavel*, Civil Action No. 2:16-cv-146 consolidated with 2:15-cv-02103 (E.D. Tex. Jan. 27, 2017) (Document 143); *Whirlpool Corporation v. Tianjin Jinghai Yunda Industry and Trade Co., Ltd.*, Civil Action No. 2:16-cv-229 consolidated with 2:15-cv-2103 (E.D. Tex. Feb. 27, 2017) (Document 146); *Whirlpool Properties, Inc. v. Asscon International Company Limited LLC et al.*, Civil Action Nos. 2:20-CV-00042 and 2:20-CV-00043 (E.D. Tex. Apr. 27, 2020); *Whirlpool Properties, Inc. v. Busers Imports LLC*, Civil Action No. 2:19-cv-00151 (E.D. Tex. June 17, 2020) (Document 103); *Whirlpool Corporation v. Shenzhen Lujian Technology Co., Ltd.*, Civil Action No. 2:21-cv-00397 (E.D. Tex. June 2, 2022) (Document 16); *Whirlpool Corporation v. Individuals, Partnerships, and Unincorporated Associations that Own or Operate www.dfilters.com*, Civil Action No. 2:21-cv-00398 (E.D. Tex. June 2, 2022) (Document 18); *Whirlpool Corporation v. Bumperr Ltd.*, Civil Action No. 2:21-cv-00432 (E.D. Tex. Dec. 29,

2022) (Document 16); and *Whirlpool Corporation v. Individuals, Partnerships, and Unincorporated Associations that Own or Operate www.purerdrop.com*, Civil Action No. 2:21-cv-00433 (E.D. Tex. Dec. 29, 2022) (Document 20).

84.    In violation of 35 U.S.C. § 271, Defendant directly infringes one or more claims of the '894 patent, including but not limited to at least claim 1 by making, using, selling and/or offering to sell in the United States or importing into the United States infringing filters, including the Bluaqua filters which purport to be compatible with or replacements for Whirlpool "Filter 1" and "Filter 3" model filters, which include an end piece for operatively engaging a head assembly, the head assembly comprising one or more valves, for the treatment and control of fluid passing through the head assembly, said end piece comprising (a) an end piece wall; (b) an inlet fitting having a cam surface, said inlet fitting having a longitudinal axis; (c) an outlet fitting; and (d) a protrusion having a longitudinal axis; wherein said inlet fitting, said outlet fitting, and said protrusion extend from said end piece wall. Accordingly, Defendant literally infringes one or more claims of the '894 patent or does so under the doctrine of equivalents.

85.    In addition, Defendant directly infringes at least claim 4 by making, using, selling and/or offering to sell in the United States or importing into the United States infringing filters, including the accused products which purport to be compatible with or replacements for Whirlpool "Filter 1" and "Filter 3" model filters, which include a cartridge for operatively engaging a head assembly, the head assembly comprising one or more valves, for the treatment and control of fluid passing through the head assembly, said cartridge comprising (a) an end piece wall; (b) an inlet fitting having a cam surface, said inlet fitting having a longitudinal axis; (c) an outlet fitting having a cam surface, said outlet fitting having a longitudinal axis; and (d) a protrusion having a longitudinal axis and positioned between said inlet fitting and said outlet fitting; wherein said inlet fitting, said outlet fitting, and said protrusion extend from said end piece wall; and a cartridge

20

housing having a first end, a closed second end, and a longitudinal axis extending there between; wherein said end piece wall is connected to said first end of  said cartridge housing, and wherein a portion of said cam surface of said inlet fitting is vectored from at least one of said longitudinal axis of said outlet fitting, and said longitudinal axis of said cartridge housing, and wherein a portion of said cam surface of said outlet fitting is vectored from at least one of said longitudinal axis of said outlet fitting, and said longitudinal axis of said cartridge housing. Accordingly, Defendant literally infringes one or more claims of the '894 patent or does so under the doctrine of equivalents.

86.    Defendant will continue to infringe one or more claims of the '894 patent unless enjoined by this Court. As a direct and proximate result of Defendant's direct infringement of the '894 patent, Whirlpool has been and continues to be damaged.

87.    Defendant indirectly infringes through induced and/or contributory infringement, the '894 patent.  On information and belief, Defendant had prior knowledge of the '894 patent, such as through Whirlpool's marking of Filter 1 and 3 products.

88.    Despite Defendant having notice of the '894 patent, Defendant continues to make, use, sell and/or offer to sell and provide installation, operational support, and instructions for infringing filters, including with the knowledge or willful blindness that their conduct will induce Defendant's customers to infringe the '894 patent, including advertising the infringing filters as compatible with or replacements for Whirlpool filters. Through such activities, Defendant specifically intend that its customers directly infringe the '894 patent.

89.    On information and belief, Defendant is contributorily infringing and will continue to contributorily infringe one or more claims of the '894 patent for the following reasons. On information and belief, Defendant had prior knowledge of the '894 patent, for instance, due to Whirlpool's marking of Filter 1 and 3 products and  Defendant's procurement of the infringing

products. Defendant provides to customers, the direct infringers, the replacement filters, such as the Bluaqua water filter 1 and water filter 3, that lack substantial non-infringing uses and that lead to infringement when installed into refrigerators' water filter assemblies. These infringing components are a material part of the installation of a replacement filter into the refrigerator's water filter assembly, whose water filtering system would not function properly without them.

90.    On information and belief, Defendant's infringement occurred with knowledge of the '894 patent and thus has been and will continue to be willful and deliberate. Whirlpool Filter 1 and 3 products have been marked to give competitors notice of the '894 patent. On information and belief, Defendant sought to copy Whirlpool's patented Filter 1 and 3 designs. Defendant's egregious conduct constitutes willful and deliberate infringement, which entitles Whirlpool to enhanced damages under 35 U.S.C. § 285.

### COUNT VI
### INFRINGEMENT OF U.S. PATENT NO. 8,356,716

91.    Whirlpool repeats and realleges as if fully set forth herein the facts and allegations of all of the preceding paragraphs.

92.    On January 22, 2013, the USPTO duly and legally issued United States Patent No. 8,356,716 ("the '716 patent") entitled "Filter Unit."  Appended as Exhibit B is a true and correct copy of the '716 patent.

93.    Whirlpool is the owner of the entire right, title and interest in and to the '716 patent, including the right to sue and recover past, present, and future damages for infringement.

94.    Whirlpool manufactures products that practice the '716 patent, including Whirlpool "Filter 2" refrigerator water filters, and marks such products with the '716 patent.

95.    The validity and enforceability of the '716 patent has been recognized and acknowledged in Final Judgments in the patent infringement cases captioned *Whirlpool Corporation v. Tianjin Jinghai Yunda Industry and Trade Co., Ltd. a/k/a Yunda Industry & Trade*

*Co. d/b/a Yunda Filter Co., and Wayne Wei and Rose Lu*, Civil Action No. 2:16-cv-229 (E.D. Tex.Feb. 17, 2017) (Document 146); *Whirlpool Corporation v. Dilmen, LLC d/b/a Coral Premium Water Filters, and Huseyin Dilmen*, Civil Action No. 2:15-cv-2056 (E.D. Tex. Apr. 6, 2016) (Document 18); *Whirlpool Corporation v. Ahmet Matt Ozcan d/b/a Discountfilter*, Civil Action No. 2:15-cv-2103 (E.D. Tex. Oct. 25, 2016) (Document 109); *Whirlpool Corporation v. Craft Appliances, Inc. et al.*, Civil Action No. 2:16-cv-084 (E.D. Tex. May 15, 2016) (Document 615); *Whirlpool Properties, Inc. v. Asscon International Company Limited LLC et al.*, Civil Action Nos. 2:20-CV-00042 and 2:20-CV-00043 (E.D. Tex. Apr. 27, 2020); *Whirlpool Properties, Inc. v. Busers Imports LLC*, Civil Action No. 2:19-cv-00151 (E.D. Tex. June 17, 2020) (Document 103); *Whirlpool Corporation v. Shenzhen Lujian Technology Co., Ltd.*, Civil Action No. 2:21-cv-00397 (E.D. Tex. June 2, 2022) (Document 16); *Whirlpool Corporation v. Individuals, Partnerships, and Unincorporated Associations that Own or Operate www.dfilters.com*, Civil Action No. 2:21-cv-00398 (E.D. Tex. June 2, 2022) (Document 18); and *Whirlpool Corporation v. Individuals, Partnerships, and Unincorporated Associations that Own or Operate www.purerdrop.com*, Civil Action No. 2:21-cv-00433 (E.D. Tex. Dec. 29, 2022) (Document 20).

96.     In violation of 35 U.S.C. § 271, Defendant directly infringes one or more claims of the '716 patent, including but not limited to at least claim 1 by making, using, selling and/or offering to sell in the United States or importing into the United States the infringing filters, including but not limited to the Bluaqua water filter 2 model filters, which include a substantially cylindrical body portion having a proximal end and a distal end; first and second engagement surfaces that traverse at least a part of the body portion where the first and second engagement surfaces include a first segment that extends substantially parallel with the longitudinal extent of the body portion, a second segment that extends at an acute angle relative to the first segment, and a third segment that extends in a direction different than the first and second segments; a laterally

extending key member disposed on the body portion; an engagement protrusion extending from the proximal end of the body portion and having a sidewall with a water inlet and a concave engagement wall with a water outlet, wherein a periphery of the engagement wall includes a first portion having a first radius of curvature and a second portion having a second radius of curvature that is larger than the first radius of curvature; and first and second seals disposed about the sidewall, wherein the water inlet is disposed between the first and second seals. Accordingly, Defendant literally infringes one or more claims of the '716 patent or does so under the doctrine of equivalents.

97.     Defendant will continue to infringe one or more claims of the '716 patent unless enjoined by this Court. As a direct and proximate result of Defendant's direct infringement of the '716 patent, Whirlpool has been and continues to be damaged.

98.     Defendant indirectly infringes, through induced and/or contributory infringement, the '716 patent. Defendant had prior knowledge of the '716 patent, such as through Whirlpool's marking of Filter 2 products and Defendant's procurement of the infringing filters.

99.     Defendant indirectly infringes through induced and/or contributory infringement, the '716 patent. On information and belief, Defendant had prior knowledge of the '716 patent, such as through Whirlpool's marking of the Filter 2 product and Defendant's procurement of the infringing filters.

100.     Despite Defendant having notice of the '716 patent, Defendant continues to make, use, sell and/or offer to sell and provide installation, operational support, and instructions for the infringing filters, including with the knowledge or willful blindness that its conduct will induce Defendant's customers to infringe one or more claims of the '716 patent, including advertising the infringing filters as compatible with or replacements for Whirlpool filters. Through such activities, Defendant specifically intends that its customers directly infringe one or more claims of the '716

patent.

101.    On information and belief, Defendant is contributorily infringing and will continue to contributorily infringe one or more claims of the '716 patent for the following reasons. Defendant provides to its customers, the direct infringers, the replacement filters, such as the Bluaqua filter 2 model filters, that lack substantial non-infringing uses and that lead to infringement when installed into refrigerators' water filter assemblies.  These infringing components are a material part of the installation of a replacement filter into the refrigerator's water filter assembly, whose water filtering system would not function properly without them.

102.    Defendant's infringement occurred with knowledge of the '716 patent and thus has been and will continue to be willful and deliberate.

103.    On information and belief, Defendant sought to copy Whirlpool's patented Filter 2 design.  Defendant's egregious conduct constitutes willful and deliberate infringement, which entitles Whirlpool to enhanced damages under 35 U.S.C. § 285.

**COUNT VII**
**INFRINGEMENT OF U.S. PATENT NO. 8,591,736**

104.    Whirlpool repeats and realleges as if fully set forth herein the facts and allegations of all of the preceding paragraphs.

105.    On November 26, 2013, the USPTO duly and legally issued United States Patent No. 8,591,736 ("the '736 patent") entitled "Water Filter Unit."  Appended as Exhibit C is a true and correct copy of the '736 patent.

106.    Whirlpool is the owner of the entire right, title and interest in and to the '736 patent, including the right to sue and recover past, present, and future damages for infringement.

107.    Whirlpool manufactures products that practice the '736 patent, including Whirlpool "Filter 2" refrigerator water filters, and marks such products with the '736 patent.

108.    The validity and enforceability of the '736 patent has been recognized and

acknowledged in Final Judgments in the patent infringement cases captioned *Whirlpool Corporation v. Tianjin Jinghai Yunda Industry and Trade Co., Ltd. a/k/a Yunda Industry & Trade Co. d/b/a Yunda Filter Co., and Wayne Wei and Rose Lu*, Civil Action No. 2:16-cv-229 (E.D. Tex.Feb. 17, 2017) (Document 146); *Whirlpool Corporation v. Dilmen, LLC d/b/a Coral Premium Water Filters, and Huseyin Dilmen*, Civil Action No. 2:15-cv-2056 (E.D. Tex. Apr. 6, 2016) (Document 18); *Whirlpool Corporation v. Ahmet Matt Ozcan d/b/a Discountfilter*, Civil Action No. 2:15-cv-2103 (E.D. Tex. Oct. 25, 2016) (Document 109); *Whirlpool Corporation v. Craft Appliances, Inc. et al.*, Civil Action No. 2:16-cv-084 (E.D. Tex. May 15, 2016) (Document 615); *Whirlpool Properties, Inc. v. Asscon International Company Limited LLC et al.*, Civil Action Nos. 2:20-CV-00042 and 2:20-CV-00043 (E.D. Tex. Apr. 27, 2020); *Whirlpool Properties, Inc. v. Busers Imports LLC*, Civil Action No. 2:19-cv-00151 (E.D. Tex. June 17, 2020) (Document 103); *Whirlpool Corporation v. Shenzhen Lujian Technology Co., Ltd.*, Civil Action No. 2:21-cv-00397 (E.D. Tex. June 2, 2022) (Document 16); *Whirlpool Corporation v. Individuals, Partnerships, and Unincorporated Associations that Own or Operate www.dfilters.com*, Civil Action No. 2:21-cv-00398 (E.D. Tex. June 2, 2022) (Document 18); and *Whirlpool Corporation v. Individuals, Partnerships, and Unincorporated Associations that Own or Operate www.purerdrop.com*, Civil Action No. 2:21-cv-00433 (E.D. Tex. Dec. 29, 2022) (Document 20).

109.    In violation of 35 U.S.C. § 271, Defendant directly infringes one or more claims of the '736 patent, including but not limited to at least claim 1 by making, using, selling and/or offering to sell in the United States or importing into the United States the infringing filters, including but not limited to Bluaqua water filter 2 model filters, which include a body portion having a proximal end and a distal end; and an engagement protrusion extending from the proximal end of the body portion, the engagement protrusion having a cross-section with only one axis of symmetry such that a cross-section of the engagement protrusion has a generally egg-shaped

configuration, and a laterally extending key member disposed on the body portion.  Accordingly, Defendant literally infringes one or more claims of the '736 patent or does so under the doctrine of equivalents.

110.    Defendant will continue to infringe one or more claims of the '736 patent unless enjoined by this Court.  As a direct and proximate result of Defendant's direct infringement of the '736 patent, Whirlpool has been and continues to be damaged.

111.    Defendant indirectly infringes, through induced and/or contributory infringement, the '736 patent.  On information and belief, Defendant had prior knowledge of the '736 patent, such as through Whirlpool's marking of the Filter 2 product and Defendant's procurement of the infringing filters.

112.    Despite Defendant having notice of the '736 patent, Defendant continues to make, use, sell and/or offer to sell and provide installation, operational support, and instructions for infringing filters, including with the knowledge or willful blindness that their conduct will induce Defendant's customers to infringe one or more claims of the '736 patent, including advertising the infringing filters as compatible with or replacements for Whirlpool filters.  Through such activities, Defendant specifically intends that its customers directly infringe one or more claims of the '736 patent.

113.    On information and belief, Defendant is contributorily infringing and will continue to contributorily infringe one or more claims of the '736 patent for the following reasons. Defendant provides to its customers, the direct infringers, the replacement filters, such as the Bluaqua water filter 2 model filters, that lack substantial non-infringing uses and that lead to infringement when installed into refrigerators' water filter assemblies.  These infringing components are a material part of the installation of a replacement filter into the refrigerator's water filter assembly, whose water filtering system would not function properly without them.

114.    On information and belief, Defendant had actual and/or constructive notice of the '736 patent.

115.    On information and belief, Defendant's infringement occurred with knowledge of the '736 patent and thus has been and will continue to be willful and deliberate.

116.    On information and belief, Defendant sought to copy Whirlpool's patented Filter 2 design.  Defendant's egregious conduct constitutes willful and deliberate infringement, which entitles Whirlpool to enhanced damages under 35 U.S.C. § 285.

**COUNT VIII**
**INFRINGEMENT OF U.S. PATENT NO. 8,845,896**

117.    Whirlpool repeats and re-alleges as if fully set forth herein the facts and allegations of all of the preceding paragraphs.

118.    On September 30, 3014, the USPTO duly and legally issued United States Patent No. 8,845,896 ("the '896 patent") entitled "Filter Unit."  Appended as Exhibit D is a true and correct copy of the '896 patent.

119.    Whirlpool is the owner of the entire right, title and interest in and to the '896 patent, including the right to sue and recover past, present, and future damages for infringement.

120.    Whirlpool manufactures products that practice the '896 patent, including Whirlpool "Filter 2" refrigerator water filters, and marks such products with the '896 patent.

121.    The validity and enforceability of the '896 patent has been recognized and acknowledged in Final Judgments in the patent infringement cases captioned *Whirlpool Properties, Inc. v. Asscon International Company Limited LLC et al.*, Civil Action Nos. 2:20-CV-00042 and 2:20-CV-00043 (E.D. Tex. Apr. 27, 2020); *Whirlpool Properties, Inc. v. Busers Imports LLC*, Civil Action No. 2:19-cv-00151 (E.D. Tex. June 17, 2020) (Document 103); *Whirlpool Corporation v. Shenzhen Lujian Technology Co., Ltd.*, Civil Action No. 2:21-cv-00397 (E.D. Tex. June 2, 2022) (Document 16); *Whirlpool Corporation v. Individuals, Partnerships, and*

*Unincorporated Associations that Own or Operate www.dfilters.com*, Civil Action No. 2:21-cv-00398 (E.D. Tex. June 2, 2022) (Document 18); and *Whirlpool Corporation v. Individuals, Partnerships, and Unincorporated Associations that Own or Operate www.purerdrop.com*, Civil Action No. 2:21-cv-00433 (E.D. Tex. Dec. 29, 2022) (Document 20).

122. In violation of 35 U.S.C. § 271, Defendant directly infringes one or more claims of the '896 patent, including but not limited to at least claim 1 by making, using, selling and/or offering to sell in the United States or importing into the United States the infringing filters, including but not limited to the Bluaqua water filter 2 model filters, which include a filter unit with a body portion adapted for engagement with a filter head assembly; an engagement protrusion extending from the body portion, wherein the engagement protrusion has a cross-section with only one axis of symmetry; a side aperture disposed on the engagement protrusion; an end aperture disposed on the engagement protrusion; a curve engagement surface disposed on the engagement protrusion proximate the end aperture; and at least one seal disposed on the engagement protrusion, wherein a cross-section taken perpendicular to the longitudinal extent of the engagement protrusion, taken at the seal, has only one axis of symmetry.  Accordingly, Defendant literally infringes one or more claims of the '896 patent or does so under the doctrine of equivalents.

123. Defendant will continue to infringe one or more claims of the '896 patent unless enjoined by this Court.  As a direct and proximate result of Defendant's direct infringement of the '896 patent, Whirlpool has been and continues to be damaged.

124. Defendant indirectly infringes, through induced and/or contributory infringement, the '896 patent.  Defendant had prior knowledge of the '896 patent, such as through Whirlpool's marking of Filter 2 products and Defendant's procurement of the infringing filters.

125. Defendant indirectly infringes through induced and/or contributory infringement, the '896 patent.  On information and belief, Defendant had prior knowledge of the '896 patent,

such as through Whirlpool's marking of the Filter 2 product and Defendant's procurement of the infringing filters.

126.    Despite Defendant having notice of the '896 patent, Defendant continues to make, use, sell and/or offer to sell and provide installation, operational support, and instructions for infringing filters, including with the knowledge or willful blindness that its conduct will induce Defendant's customers to infringe one or more claims of the '896 patent, including advertising the infringing filters as compatible with or replacements for Whirlpool filters.  Through such activities, Defendant specifically intends that its customers directly infringe one or more claims of the '896 patent.

127.    On information and belief, Defendant is contributorily infringing and will continue to contributorily infringe one or more claims of the '896 patent for the following reasons. Defendant provides to its customers, the direct infringers, the replacement filters, such as the Bluaqua water filter 2 model filters, that lack substantial non-infringing uses and that lead to infringement when installed into refrigerators' water filter assemblies.  These infringing components are a material part of the installation of a replacement filter into the refrigerator's water filter assembly, whose water filtering system would not function properly without them.

128.    Defendant's infringement occurred with knowledge of the '896 patent and thus has been and will continue to be willful and deliberate.

129.    On information and belief, Defendant sought to copy Whirlpool's patented Filter 2 design.  Defendant's egregious conduct constitutes willful and deliberate infringement, which entitles Whirlpool to enhanced damages under 35 U.S.C. § 285.

## COUNT IX
## INFRINGEMENT OF U.S. PATENT NO. 9,937,451

130.    Whirlpool repeats and re-alleges as if fully set forth herein the facts and allegations of all of the preceding paragraphs.

131.    On April 10, 2018, the USPTO duly and legally issued United States Patent No. 9,937,451 ("the '451 patent") entitled "Filter Unit."  Appended as Exhibit E is a true and correct copy of the '451 patent.

132.    Whirlpool is the owner of the entire right, title and interest in and to the '451 patent, including the right to sue and recover past, present, and future damages for infringement.

133.    Whirlpool manufactures products that practice the '451 patent, including Whirlpool "Filter 2" refrigerator water filters, and marks such products with the '451 patent.

134.    The validity and enforceability of the '451 patent has been recognized and acknowledged in Final Judgments in the patent infringement cases captioned *Whirlpool Properties, Inc. v. Asscon International Company Limited LLC et al.*, Civil Action Nos. 2:20-CV-00042 and 2:20-CV-00043 (E.D. Tex. Apr. 27, 2020); *Whirlpool Properties, Inc. v. Busers Imports LLC*, Civil Action No. 2:19-cv-00151 (E.D. Tex. June 17, 2020) (Document 103); *Whirlpool Corporation v. Shenzhen Lujian Technology Co., Ltd.*, Civil Action No. 2:21-cv-00397 (E.D. Tex. June 2, 2022) (Document 16); *Whirlpool Corporation v. Individuals, Partnerships, and Unincorporated Associations that Own or Operate www.dfilters.com*, Civil Action No. 2:21-cv-00398 (E.D. Tex. June 2, 2022) (Document 18); and *Whirlpool Corporation v. Individuals, Partnerships, and Unincorporated Associations that Own or Operate www.purerdrop.com*, Civil Action No. 2:21-cv-00433 (E.D. Tex. Dec. 29, 2022) (Document 20).

135.    In violation of 35 U.S.C. § 271, Defendant directly infringes one or more claims of the '451 patent, including but not limited to at least claim 1 by making, using, selling and/or offering to sell in the United States or importing into the United States the infringing filters, including but not limited to the Bluaqua water filter 2 model filters, which include an engagement protrusion extending from a proximal body portion wherein the engagement protrusion is configured for selective rotational engagement in a complementary receiver in a filter head

assembly, wherein the selective rotational engagement of the engagement protrusion with the complementary receiver places the filter head assembly in selective communication with an interior of the proximal body portion; at least one engagement surface traversing around at least part of the proximal body portion at an angle, the at least one engagement surface configured to cooperate with the complementary receiver in the filter head assembly to define the selective rotational engagement; and at least one seal member disposed on a sidewall of the engagement protrusion, wherein a cross section of the at least one seal member taken at an angle perpendicular to a longitudinal axis of the engagement protrusion and through the sidewall at the at least one seal member includes only one axis of symmetry.  Accordingly, Defendant literally infringes one or more claims of the '451 patent or does so under the doctrine of equivalents.

136.    Defendant will continue to infringe one or more claims of the '451 patent unless enjoined by this Court.  As a direct and proximate result of Defendant's direct infringement of the '451 patent, Whirlpool has been and continues to be damaged.

137.    Defendant indirectly infringes, through induced and/or contributory infringement, the '451 patent.  On information and belief, Defendant had prior knowledge of the '451 patent, such as through Whirlpool's marking of the Filter 2 product and Defendant's procurement of the infringing filters.

138.    Despite Defendant having notice of the '451 patent, Defendant continues to make, use, sell and/or offer to sell and provide installation, operational support, and instructions for the infringing filters, including with the knowledge or willful blindness that its conduct will induce Defendant's customers to infringe one or more claims of the '451 patent, including advertising the infringing filters as compatible with or replacements for Whirlpool filters.  Through such activities, Defendant specifically intends that its customers directly infringe one or more claims of the '451 patent.

139.    On information and belief, Defendant is contributorily infringing and will continue to contributorily infringe one or more claims of the '451 patent for the following reasons. Defendant provides to its customers, the direct infringers, the replacement filters, such as the Bluaqua water filter 2 model filters, that lack substantial non-infringing uses and that lead to infringement when installed into refrigerators' water filter assemblies.  These infringing components are a material part of the installation of a replacement filter into the refrigerator's water filter assembly, whose water filtering system would not function properly without them.

140.    On information and belief, Defendant had actual and/or constructive notice of the '451 patent.

141.    Defendant's infringement occurred with knowledge of the '451 patent and thus has been and will continue to be willful and deliberate.

142.    On information and belief, Defendant sought to copy Whirlpool's patented Filter 2 design.  Defendant's egregious conduct constitutes willful and deliberate infringement, which entitles Whirlpool to enhanced damages under 35 U.S.C. § 285.

**COUNT X**
**INFRINGEMENT OF U.S. PATENT NO. 10,101,820**

143.    Whirlpool repeats and re-alleges as if fully set forth herein the facts and allegations of all of the preceding paragraphs.

144.    On July 3, 2018, the USPTO duly and legally issued United States Patent No. 10,010,820 ("the '820 patent") entitled "Filter Unit."  Appended as Exhibit F is a true and correct copy of the '820 patent.

145.    Whirlpool is the owner of the entire right, title and interest in and to the '820 patent, including the right to sue and recover past, present, and future damages for infringement.

146.    Whirlpool manufactures products that practice the '820 patent, including Whirlpool "Filter 2" refrigerator water filters, and marks such products with the '820 patent.

147.    The validity and enforceability of the '820 patent has been recognized and acknowledged in Final Judgments in the patent infringement cases captioned *Whirlpool Properties, Inc. v. Asscon International Company Limited LLC et al.*, Civil Action Nos. 2:20-CV-00042 and 2:20-CV-00043 (E.D. Tex. Apr. 27, 2020); *Whirlpool Properties, Inc. v. Busers Imports LLC*, Civil Action No. 2:19-cv-00151 (E.D. Tex. June 17, 2020) (Document 103); *Whirlpool Corporation v. Shenzhen Lujian Technology Co., Ltd.*, Civil Action No. 2:21-cv-00397 (E.D. Tex. June 2, 2022) (Document 16); *Whirlpool Corporation v. Individuals, Partnerships, and Unincorporated Associations that Own or Operate www.dfilters.com*, Civil Action No. 2:21-cv-00398 (E.D. Tex. June 2, 2022) (Document 18); and *Whirlpool Corporation v. Individuals, Partnerships, and Unincorporated Associations that Own or Operate www.purerdrop.com*, Civil Action No. 2:21-cv-00433 (E.D. Tex. Dec. 29, 2022) (Document 20).

148.    In violation of 35 U.S.C. § 271, Defendant directly infringes one or more claims of the '820 patent, including but not limited to at least claim 1 by making, using, selling and/or offering to sell in the United States or importing into the United States the infringing filters, including but not limited to the Bluaqua water filter 2 model filters, which include a filter unit comprising a filtering media; a body portion; an engagement protrusion extending from the body portion and comprising a containment seal, wherein at least one cross section of the engagement protrusion at a location of the containment seal, taken perpendicular to a central longitudinal axis of the body portion, includes an egg-shaped outer perimeter having a single axis of symmetry, and wherein the containment seal acts as a barrier that prevents filtered water from leaking around the body portion during use; at least one engagement surface traversing around at least part of the body portion, the at least one engagement surface having a linear movement section for linear movement of the body portion, wherein the rotational movement section is angled from the linear movement section; and a water inlet path and a water outlet path extending through a portion of the

engagement protrusion defined by the at least one cross section.  Accordingly, Defendants literally infringes one or more claims of the '820 patent or does so under the doctrine of equivalents.

149.    Defendant will continue to infringe one or more claims of the '820 patent unless enjoined by this Court.  As a direct and proximate result of Defendant's direct infringement of the '820 patent, Whirlpool has been and continues to be damaged.

150.    Defendant indirectly infringes, through induced and/or contributory infringement, the '820 patent.  Defendant had prior knowledge of the '820 patent, such as through Whirlpool's marking of Filter 2 products and Defendant's procurement of the infringing filters.

151.    Defendant indirectly infringes through induced and/or contributory infringement, the '820 patent.  On information and belief, Defendant had prior knowledge of the '820 patent, such as through Whirlpool's marking of the Filter 2 product and Defendant's procurement of the infringing filters.

152.    Despite Defendant having notice of the '820 patent, Defendant continues to make, use, sell and/or offer to sell and provide installation, operational support, and instructions for infringing filters, including with the knowledge or willful blindness that its conduct will induce Defendant's customers to infringe one or more claims of the '820 patent, including advertising their infringing filters as compatible with or replacements for Whirlpool filters.  Through such activities, Defendant specifically intends that its customers directly infringe one or more claims of the '820 patent.

153.    On information and belief, Defendant is contributorily infringing and will continue to contributorily infringe one or more claims of the '820 patent for the following reasons. Defendants provide to its customers, the direct infringers, the replacement filters, such as the Bluaqua water filter 2 model filters, that lack substantial non-infringing uses and that lead to infringement when installed into refrigerators' water filter assemblies.  These infringing

components are a material part of the installation of a replacement filter into the refrigerator's water filter assembly, whose water filtering system would not function properly without them.

154.   Defendant's infringement occurred with knowledge of the '820 patent and thus has been and will continue to be willful and deliberate.

155.   On information and belief, Defendant sought to copy Whirlpool's patented Filter 2 design.  Defendant's egregious conduct constitutes willful and deliberate infringement, which entitles Whirlpool to enhanced damages under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, Whirlpool prays for a judgment against Defendant as follows:

A.   That the Court enter a preliminary and permanent injunction immediately restraining Defendant, its officers, agents, servants, employees, licensees, attorneys and all other persons in active concert or participation with them from:

(1)   manufacturing, having manufactured, advertising, promoting, offering for sale, selling, importing, exporting, or distributing water filter cartridges, or any products related thereto, bearing the marks "Whirlpool," "KitchenAid," "Maytag," "Amana" and/or "Jenn-Air" or anything confusingly similar thereto;

(2)   using "Whirlpool," "KitchenAid," "Maytag," "Amana" and/or "Jenn-Air" or any other mark confusingly similar thereto in any manner likely to confuse or deceive consumers in connection with the advertising, promotion, sale, or distribution of refrigerator water filters, or any products related thereto;

(3)   engaging in any other act that is likely to cause the mistaken belief that goods sold by Defendant originate from or are in any way sponsored by,

endorsed by, connected to, associated with, or affiliated with Whirlpool; and from

(4)    otherwise competing unfairly with Whirlpool in any manner.

B.    For an order directing Defendant to file with the Court and serve upon Whirlpool within thirty (30) days after service of the injunction on Defendant, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

C.    That pursuant to 15 U.S.C. § 1117, the Court direct payment by Defendant to Whirlpool for damages suffered by Whirlpool by virtue of Defendant's acts pleaded herein, trebled; all profits that Defendant has derived from using the Marks and its acts of unfair competition; and costs of the action;

D.    That the Court award costs and attorneys' fees, and prejudgment interest to the fullest extent provided for by 15 U.S.C. § 1117 and/or the laws of the State of Texas;

E.    That the Court award corrective advertising in a monetary amount to rectify and dispel the confusion caused by Defendant;

F.    That the Court enter a preliminary and permanent injunction preventing Defendant and its respective officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from engaging in infringing activities with respect to the '894 patent, '716 patent, the '736 patent, the '896 patent, the '451 patent, and the '820 patent by making, using, offering to sell, selling, importing into the United States, distributing, shipping, or otherwise disposing of filters sold under the brand name "Bluaqua" that purport to be

37

replacements for the Whirlpool Filter 1, Filter 2, and Filter 3, or any replacement filters that are not more than colorably different therefrom;

G.    That the Court enter a preliminary and permanent injunction that requires Defendant and its respective officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them to immediately and permanently discontinue all advertising links on websites, social media, or search engines that direct to any webpage operated by Defendant (including all webpages with a www.filterswell.com, www.bluaquafilters.com, or www.bonanza.com domain name) that references filters that purport to be replacements for the Whirlpool Filter 1, Filter 2, and Filter 3 model filters and/or reference one or more of the following model numbers associated with Whirlpool's patented filter models: "Whirlpool Filter 1," "EveryDrop Filter 1," "EDR1RXD1," "EDR1RXD2," "EDR1RXD3," "EDR1RXD4," "EDR1RXD5," "EDR1RXD6," "W10413645A," "W10413645," "Whirlpool Filter 2," "EveryDrop Filter 2," "EDR2RXD1," "EDR2RXD2," "EDR2RXD3," "EDR2RXD4," "EDR2RXD5," "EDR2RXD6," "W10295370," "W10295370A," "Whirlpool Filter 3," "EveryDrop Filter 3," "EDR3RXD1," "EDR3RXD2," "EDR3RXD3," "EDR3RXD4," "EDR3RXD5," "EDR3RXD6," "4396841," "4396710" "Whirlpool ICE2," "EveryDrop ICE2," or "F2WC9I1";

H.    That the Court enter a preliminary and permanent injunction that requires that if Defendant is in violation of any aspect of the Court's injunction relating to infringing conduct on the www.filterswell.com or www.bluaquafilters.com

websites more than 30 days after entry of the injunction, Defendant is further ordered to shut down the infringing websites entirely and transfer ownership of the infringing websites' domain to Whirlpool;

I.     That the domain name registries, internet service providers, hosts, and/or the individual registrars holding or listing the www.filterswell.com or www.bluaquafilters.com websites, including but not limited to GoDaddy.com, LLC and Verisign, Inc. shall, within seven days of notice of a preliminary or permanent injunction from this Court, temporarily disable these domain names, or any subset of these domain names specified by Whirlpool, through a registry hold or otherwise, and make them inactive and non-transferable pending further order from this Court, unless Whirlpool requests that particular domain names be released from such restraints.

J.     That the Court award damages for the willful and deliberate infringement of the '894 patent, '716 patent, the '736 patent, the '896 patent, the '451 patent, and the '820 patent to which Whirlpool is entitled, including enhanced damages under 35 U.S.C. § 284 and attorney fees under 35 U.S.C. § 285;

K.     That the Court enter a judgment that the '894 patent, '716 patent, the '736 patent, the '896 patent, the '451 patent, and the '820 patent are not invalid;

L.     That the Court enter a judgment that the '894 patent, '716 patent, the '736 patent, the '896 patent, the '451 patent, and the '820 patents are enforceable;

M.    That the Court award punitive damages to the fullest extent available under common law;

N.     That the Court award interest on the damages; and

O.     For any and all such other relief as this Court may deem appropriate.

Dated: February 22, 2023          Respectfully submitted,

By: */s/ Melissa R. Smith*
Melissa R. Smith (*TX State Bar No. 24001351*)
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257
Email:  Melissa@gillamsmithlaw.com

Jeffrey D. Harty (IA AT0003357)
(Admitted Eastern District of Texas)
Ryan Stefani (IA AT00012387)
(Admitted in the Eastern District of Texas)
NYEMASTER GOODE, P.C.
700 Walnut Street, Ste. 1600
Des Moines, IA 50309-3899
Telephone: (515) 283-3100
Facsimile:  (515) 283-3108
Email:     jharty@nyemaster.com
Email     rstefani@nyemaster.com

*Attorneys for Plaintiffs*
**WHIRLPOOL PROPERTIES, INC.,**
**WHIRLPOOL CORPORATION, AND**
**MAYTAG PROPERTIES, LLC**