# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| WHIRLPOOL PROPERTIES, INC., WHIRLPOOL CORPORATION, and MAYTAG PROPERTIES, LLC, <br> *Plaintiffs*, <br><br> v. <br><br> VANKIN COMPANY LIMITED, <br> *Defendant*. | § § § § § § § § § § § | CIVIL ACTION NO.  2:23-CV-00070-JRG |

## DEFAULT JUDGMENT AND PERMANENT INJUNCTION

Plaintiffs Whirlpool Properties, Inc., Whirlpool Corporation, and Maytag Properties, LLC (collectively, "Whirlpool") have moved for a default judgment and permanent injunction. Whirlpool alleges that Defendant Vankin ("Defendant") is offering to sell, selling, and importing refrigerator water filters into the United States that infringe Whirlpool's U.S.  Patent Nos. 7,000,894; 8,356,716;  8,591,736; 8,845,896;  9,937,451;  and 10,101,820 (collectively, "the Patents"), and is infringing and diluting Whirlpool's trademark rights in deceptively and misleadingly using the marks Whirlpool®, KitchenAid®, Maytag®, Amana®, and Jenn-Air® (collectively, "the Whirlpool Marks") in connection with the offers for sale and sale of its non-Whirlpool refrigerator filters.  Whirlpool alleges that it will be irreparably harmed if the Court does not provide permanent injunctive relief to stop Defendant's infringing activities.

## FINDINGS AND CONCLUSIONS

The Court makes the following findings and conclusions:

1.      This Court has jurisdiction over this matter pursuant to 35 U.S.C. §§ 1331, 1338, and 1367.

2.      This Court has personal jurisdiction over Defendant, as it has actively engaged in the advertising for sale, sales, and/or distribution of the accused products in Texas, including in this judicial district.  In addition, this Court is the proper venue for this action.

3.      Defendant has been properly served with the summons and operative complaint, and has failed to plead or otherwise defend within the time required by the Federal Rules of Civil Procedure.

4.       A Clerk's Entry of Default was entered against Defendant on April 12, 2023. Docket No. 13.

5.      The grounds for default against Defendant have been clearly established, there is no evidence that Defendant's default was caused by good faith mistake or excusable neglect, and there has been no showing of substantial prejudice or undue harshness that will result from the entry of a default judgment. *Lindsey, et al. v. Prive Corp., et al.*, 161 F.3d 886, 893 (5th Cir. 1998). Accordingly, upon weighing the relevant factors for consideration, a default judgment is appropriate against Defendant.

### A.      Facts Common to all Claims.

6.      Defendant is a limited liability company organized in the United Kingdom, with no known presence in the United States.

7.      Defendant offers for sale and sells refrigerator water filters to consumers in the United States, including Bluaqua-branded filters that are purportedly compatible with the Whirlpool Filter 1, 2, and 3 (hereinafter "the Accused Products"), as shown in Exhibit A hereto.

### B.      Patent Infringement Claims (Counts V through X).

8.      Whirlpool alleges that the Patents are valid and enforceable, and that Defendant's offer for sale, sale, distribution, and importation of refrigerator water filters into the United States has infringed and continues to infringe the Patents in violation of 35 U.S.C. § 271.

9.      Specifically, Whirlpool alleges that Defendant's offer for sale, sale, distribution, and importation of Bluaqua filters that purport to be compatible with or replacements for Whirlpool "Filter 1" or "Filter 3" model filters literally infringes at least claims 1 and 4 of U.S. Patent No. 7,000,894 ("the '894 patent"), and that Defendant's infringement of the '894 patent was willful.

10.      Whirlpool further alleges that Defendant's offer for sale, sale, distribution, and importation of Bluaqua filters that purport to be compatible with or replacements for Whirlpool "Filter 2" model filters literally infringes at least claim 1 of U.S. Patent Nos. 8,356,716 ("the '716 patent"); 8,591,736 ("the '736 patent"); 8,845,896 ("the '896 patent"); 9,937,451 ("the '431 patent"); and 10,101,820 ("the '820 patent"), and that Defendant's infringement of the '716 patent,'736 patent, '896 patent, '451 patent, and '820 patent was willful.

11.      Having failed to plead or otherwise defend within the time required by the Federal Rules of Civil Procedure, this Court accepts Whirlpool's allegations relating to Defendant's infringement of the Patents as true. *Eisenhour v. Stafford*, 2013 WL 6212725, No. 9:12-CV-62, at *2 (E.D. Tex. Nov. 26, 2013) (citing *Frame v. S-H, Inc.*, 967 F.2d 194, 205 (5th Cir. 1992)). *See also* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied.").

12.      Defendant's offer for sale, sale, distribution, and importation of Bluaqua filters that purport to be compatible with or replacements for Whirlpool "Filter1" or "Filter 3" model

filters literally infringes at least claim 1 of U.S. Patent No. 7,000,894 ("the '894 patent"), insofar as such acts occurred prior to the expiration of the '894 patent, November 19, 2023.

13.     Defendant's offer for sale, sale, distribution, and importation of Bluaqua filters that purport to be compatible with or replacements for Whirlpool "Filter 2" model filters literally infringes at least claim 1 of the '716 patent, '736 patent, '896 patent, '451 patent, and '820 patent.

14.     Defendant's infringement of the Patents was willful.

15.     Whirlpool has presented sufficient evidence to establish that this is an exceptional case for which an award of Whirlpool's reasonable attorney fees is appropriate pursuant to 35 U.S.C. § 284. Whirlpool shall have until February 26, 2024 to submit an application for reasonable attorney fees.

16.      An award of costs in favor of Whirlpool is also appropriate under Rule 54(d)(1). The Clerk of Court shall tax costs after the Court's entry of final judgment and Whirlpool's submission of a bill of costs.

17.     Whirlpool also requests that this Court enter an order permanently enjoining Defendant and its subsidiaries, successors, assigns, officers, directors, agents, servants, employees, attorneys, and persons in active concert or participation with them (including any affiliated entities) from infringing, directly or indirectly, claim 1 of the '716 patent, claim 1 of the '736 patent, claim 1 of the '896 patent, claim 1 of the '451 patent, and claim 1 of the '820 patent, by offering to sell, selling, importing into the United States, distributing, shipping, or otherwise disposing of the Accused Products or any replacement water filters that are not more than colorably different therefrom.

18.     Whirlpool has presented sufficient evidence to establish that it has suffered an irreparable injury as a result of Defendant's infringement of the Patents, that remedies available

at law, such as monetary damages, are inadequate to compensate for its injury, that the balance of hardships between the parties favors a remedy in equity, and that the public interest would not be disserved by a permanent injunction.

19.    Absent a permanent injunction, Defendant's offer for sale, sale, distribution, and importation, and shipment of the Accused Products will result in immediate and irreparable injury to Whirlpool in the form of continued loss of market share, the loss of Whirlpool's exclusive patent rights, and harm to Whirlpool's goodwill and reputation for providing premium products. Furthermore, because Defendant is a foreign company with no apparent domestic presence, it may be difficult or impossible for Whirlpool to collect a monetary judgment against Defendant.

20.    Further, Whirlpool has presented sufficient evidence to establish that absent the entry of a permanent injunction, Defendant will continue to offer to sale, sell, distribute, and import the Accused Products into the United States.

### C.    Trademark Claims (Counts I through IV).

21.    Whirlpool manufactures and sells its filters under several well-known, famous brands, including the Whirlpool®, KitchenAid®, Maytag®, Amana®, and Jenn-Air® brands (collectively "the Whirlpool Marks"). The Whirlpool Marks are protected by the following federal registrations:

| MARK | REGISTRATION NO. | RELEVANT GOODS |
|---|---|---|
| Whirlpool (design mark) | Reg. No. 5,921,312 | Refrigerators, freezers, and refrigerator water filters |

| WHIRLPOOL (word mark) | Reg. No. 4,983,312 | Water filtration and purification units and replacement cartridges and filters therefor for refrigerators |
|---|---|---|
| Whirlpool (design mark) | Reg. No. 1,251,511 | Refrigerators |
| WHIRLPOOL (word mark) | Reg. No. 1,670,524 | Refrigerators and freezers |
| WHIRLPOOL (word mark) | Reg. No. 937,550 | Refrigerators |
| WHIRLPOOL (word mark) | Reg. No. 626,550 | Refrigerators |
| KITCHENAID (word mark) | Reg. No. 6,965,661 | Water filtration and purification units and replacement cartridges and filters therefor |
| KITCHENAID (word mark) | Reg. No. 2,520,284 | Refrigerators; water supply units for dispensing cold water and ice from refrigerators |
| KitchenAid (design mark) | Reg. No. 2,520,285 | Refrigerators; water supply units for dispensing cold water and ice from refrigerators |
| KITCHENAID (word mark) | Reg. No. 1,585,507 | Refrigerators |
| MAYTAG (word mark) | Reg. No. 5,370,223 | Refrigerators |
| MAYTAG (word mark) | Reg. No. 2,638,631 | Appliance installation, maintenance, and repair services |
| AMANA (word mark) | Reg. No. 3,059,004 | Refrigerators, freezers and combination refrigerator/freezers |
| AMANA (word mark) | Reg. No. 3,697,563 | Installation, maintenance and repair of refrigerators, freezers and combination refrigerator/freezers |
| JENN-AIR (word mark) | Reg. No. 1,547,093 | Refrigerators and freezers |

| JENN-AIR (word mark) | Reg. No. 3,710,972 | Installation, maintenance and repair of freezers and refrigerators |
|---|---|---|

22.     Each of the Whirlpool Marks are valid and protected by one or more federal registrations that have achieved "incontestable" status, which serves as conclusive evidence of Whirlpool's ownership of the Marks and its exclusive right to use the Whirlpool Marks in connection with the goods listed in the registrations[1]. *See* 15 U.S.C. §§ 1065, 1115(b).

23.     Whirlpool alleges that Defendant has used and continues to use the Whirlpool Marks in connection with the offers for sale and sale of the Accused Products, including Bluaqua filters that purport to be compatible with or replacements for Whirlpool "Filter 1," "Filter 2," and "Filter 3" model filters, without Whirlpool's consent, in a manner likely to confuse consumers in violation the Lanham Act, 35 U.S.C. §§ 1114, 1125(a), and 1125(c), and under the common law.

24.     Having failed to plead or otherwise defend within the time required by the Federal Rules of Civil Procedure, this court accepts Whirlpool's allegations relating to Defendant's violations of Whirlpool's trademark rights under 35 U.S.C. §§ 1114, 1125(a), and 1125(c), and under the common law, as true. Eisenhour, 2013 WL 6212725 at *2; Fed. R. Civ. P. 8(b)(6).]

25.     Defendant's use of the Whirlpool Marks, without Whirlpool's consent, in a manner likely to confuse consumers on the packaging and labeling of the Accused Products, constitutes a violation of the Lanham Act, 35 U.S.C. §§ 1114, 1125(a), and 1125(c), and Whirlpool's common law trademark rights.

---

[1]  Registration Nos. 4,983,312; 1,251,511; 1,670,524; 937,550; 626,550; 2,520,284; 2,520,285; 1,585,507; 2,638,631; 3,059,004; 3,697,563; 1,547,093 and 3,710,972 are incontestable.

26.     Whirlpool has presented sufficient evidence to establish that it has suffered an irreparable injury as a result of Defendant's violations of the Lanham Act, 35 U.S.C. §§ 1114, 1125(a), and 1125(c), and Whirlpool's common law trademark rights, that remedies available at law, such as monetary damages, are inadequate to compensate for its injury, that the balance of hardships between the parties favors a remedy in equity, and that the public interest would not be disserved by a permanent injunction.

27.     Absent a permanent injunction, Defendant's use of the Whirlpool Marks, without Whirlpool's consent, in a manner likely to confuse consumers will result in immediate and irreparable injury to Whirlpool in the form of the loss of control over its reputation, a continued loss of market share, and harm to Whirlpool's goodwill and reputation for providing premium products. Furthermore, because Defendant is a foreign company with no apparent domestic presence, it may be difficult or impossible for Whirlpool to collect a monetary judgment against Defendant.

28.     Whirlpool has presented sufficient evidence to establish that absent the entry of a permanent injunction, Defendant will continue its violations of the Lanham Act, 35 U.S.C. §§ 1114, 1125(a), and 1125(c), and Whirlpool's common law trademark rights.

## ENTRY OF JUDGMENT

Based on these finding and conclusions, the Court enters judgment as follows:

1.     Pursuant to 35 U.S.C. § 285, Whirlpool is entitled to recover its reasonable attorney fees. In support of its request for attorney fees, Whirlpool has submitted the declaration of Attorney Jeffrey D. Harty and an itemization of fees. Having considered the declaration of Mr. Harty and accompanying itemization of fees, the Court hereby orders that Whirlpool recover from Defendant the amount of $22,110.50 in attorney fees.

2.      The Clerk of Court shall tax costs in favor of Whirlpool, as a prevailing party, upon Whirlpool's submission of a bill of costs.

3.      Defendant and its subsidiaries, successors, assigns, officers, directors, agents, servants, employees, attorneys, and persons in active concert or participation with them (including any affiliated entities) are permanently enjoined from infringing, directly or indirectly, claim 1 of U.S. Patent No. 8,356,716, claim 1 of U.S. Patent No.8,591,736, claim 1 of U.S. Patent No. 8,845,896, claim 1 of U.S. Patent No. 9,937,451, and claim 1 of U.S. Patent No. 10,101,820, by offering to sell, selling, distributing, or importing into the United States Bluaqua filters that purport to be compatible with or replacements for Whirlpool "Filter 2" model filters or any replacement water filters that are not more than colorably different therefrom.

4.      Defendant and its subsidiaries, successors, assigns, officers, directors, agents, servants, employees, attorneys, and persons in active concert or participation with them (including any affiliated entities) are permanently enjoined from:

   a.      In any online product listings or commercial advertisements for non-Whirlpool refrigerator water filters, using any of the Whirlpool Marks or model numbers of genuine Whirlpool filters at the beginning of product titles or product descriptions to name, identify, or otherwise describe such non-Whirlpool refrigerator water filters, including but not limited to such online product listings or commercial advertisements on websites operated by Defendant, including www.filterswell.com and www.bluaquafilters.com, as well as third-party websites such as www.bonanza.com;

   b.      In any online product listings or commercial advertisements, including advertising linked to www.filterswell.com, www.bluaquafilters.com, www.bonanza.com, or other websites, using any of the Whirlpool Marks to falsely or misleadingly identify or suggest the source of any non-Whirlpool refrigerator water filters, or describe Whirlpool as affiliated with, or sponsoring or approving any non-Whirlpool refrigerator water filters; and

   c.      Submitting product descriptions, commercial advertisements, or web links to product listings for any non-Whirlpool refrigerator water filters to any third-party which: (a) reference one or more of the following Whirlpool water filter models: "EveryDrop

Filter 1", "EDR1RXD1", "EDR1RXD2", "EDR1RXD3", "EDR1RXD4", "EDR1RXD5", "EDR1RXD6", "W10295370", "W10295370A", "EveryDrop Filter 2", "EDR2RXD1", "EDR2RXD2", "EDR2RXD3", "EDR2RXD4", "EDR2RXD5", "EDR2RXD6", "W10413645A", "W10413645", "EveryDrop Filter 3", "EDR3RXD1", "EDR3RXD2", "EDR3RXD3", "EDR3RXD4", "EDR3RXD5", "EDR3RXD6", "4396841", or "4396710", to name, identify, or describe such non- Whirlpool refrigerator water filters; or (b) direct online consumers to product listings for non-Whirlpool refrigerator water filters that reference one or more of the following Whirlpool water filter models: "EveryDrop Filter 1", "EDR1RXD1", "EDR1RXD2", "EDR1RXD3", "EDR1RXD4", "EDR1RXD5", "EDR1RXD6", "W10295370", "W10295370A", "EveryDrop Filter 2", "EDR2RXD1", "EDR2RXD2", "EDR2RXD3", "EDR2RXD4", "EDR2RXD5", "EDR2RXD6", "W10413645A", "W10413645", "EveryDrop Filter 3", "EDR3RXD1", "EDR3RXD2", "EDR3RXD3", "EDR3RXD4", "EDR3RXD5", "EDR3RXD6", "4396841", "4396710," "Whirlpool ICE2", "EveryDrop ICE2", or "F2WC9I1."

d.      Working with Visa, Mastercard, Discover, American Express, PayPal, Venmo, and all other similar payment processing companies who are acting in concert with or under the direction of Defendant and/or its subsidiaries, successors, assigns, officers, directors, agents, servants, employees, attorneys, and persons in active concert or participation with them (including any affiliated entities), to provide services in connection with the continued operation of the www.filterswell.com or www.bluaquafilters.com websites. The prohibition in this subparagraph (d) shall terminate in the event Defendant stops infringing the '716 patent, the '736 patent, the '896 patent, the '451 patent, and/or the '820 patent through the offer for sale, sale, distribution, or importation into the United States Bluaqua filters that purport to be compatible with or replacements for Whirlpool "Filter 2" model filters or any replacement water filters that are not more than colorably different therefrom.

5.      Defendant and its subsidiaries, successors, assigns, officers, directors, agents, servants, employees, attorneys, and persons in active concert or participation with them (including any affiliated entities) shall immediately and permanently discontinue all advertising links on websites, social media, or search engines that direct to any webpage operated by Vankin (including all webpages with a www.filterswell.com, www.bluaquafilters.com domain name) that reference (a) one or more of Bluaqua filter models that purport to be compatible with the Whirlpool Filter 1, Filter 2, or Filter 3; and/or (b) one or more of the following model numbers associated with Whirlpool's water filter models: "EveryDrop Filter 1", "EDR1RXD1", "EDR1RXD2", "EDR1RXD3", "EDR1RXD4", "EDR1RXD5", "EDR1RXD6",

"W10295370", "W10295370A", "EveryDrop Filter 2", "EDR2RXD1", "EDR2RXD2",
"EDR2RXD3", "EDR2RXD4", "EDR2RXD5", "EDR2RXD6", "W10413645A",
"W10413645", "EveryDrop Filter 3", "EDR3RXD1", "EDR3RXD2", "EDR3RXD3",
"EDR3RXD4", "EDR3RXD5", "EDR3RXD6", "4396841", "4396710", "Whirlpool ICE2",
"EveryDrop ICE2", or "F2WC9I1."

6.      Defendant and its subsidiaries, successors, assigns, officers, directors, agents,
servants, employees, attorneys, and persons in active concert or participation with them who
receive actual notice of this order by personal service or otherwise are ordered to (1) turn over
any existing inventory of Bluaqua-branded filters that purport to be compatible with the
Whirlpool Filter 2 model filters, to Whirlpool for destruction within 30 days, or (2) if a party
objects to turning over its inventory to Whirlpool, then that party must, within 30 days of
receiving notice of this order, provide a certification to Whirlpool that it is not acting on behalf
of, as an independent contractor for, or otherwise in active concert or participation with Vankin
or any of its subsidiaries, successors, assigns, officers, directors, agents, servants, employees, or
attorneys in acquiring or distributing inventory of Bluaqua-branded filters that purport to be
compatible with the Whirlpool Filter 2 model filters, or any colorable variations thereof.
Whirlpool shall hold all inventory obtained hereunder and not destroy it until the final resolution
of this case, including expiration of time to appeal.

7.      The domain name registries, internet service providers, hosts, and/or the
individual registrars holding or listing the www.filterswell.com or www.bluaquafilters.com
website domains, including but not limited to GoDaddy.com, LLC and Verisign, Inc. shall,
within seven (7) days of notice of this Order, temporarily disable these domain names, or any
subset of these domain names specified by Whirlpool, through a registry hold or otherwise, and

make them inactive and non-transferable pending further order from this Court, unless Whirlpool requests that particular domain names be released from such restraints.

**So ORDERED and SIGNED this 1st day of March, 2024.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

# EXHIBIT A





